UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MALLORY RUH                                                                            CIVIL ACTION NO.

VERSUS
                                                                                                    15-439-SDD-SCR

SUPERIOR HOME HEALTH CARE, INC.

## RULING

Before the Court is a *Motion to Dismiss*[1] filed by Defendant, Superior Home Health Care, Inc.  In response, Plaintiff, Mallory Ruh, has filed an *Opposition*[2] to which Defendant has filed a *Reply*.[3]  For the following reasons, Defendant's *Motion* shall be granted in part and denied in part.

### I.   BACKGROUND

Plaintiff, Mallory Ruh ("Plaintiff" or "Ruh"), brings this employment discrimination claim against her former employer, Superior Home Health Care, Inc. ("Superior" or "Defendant").  Ruh alleges that she began working as a clerical office employee for Superior on January 9, 2013.[4]  During her tenure as a Superior employee, Ruh claims that she received several satisfactory evaluations and raises.[5]  In December of 2013, Ruh learned she was expecting her first child and, the following month, she shared this information with Superior's owner, Debra Neal Guerin, and her supervisor, Jennifer

---

[1] Rec. Doc. 2.
[2] Rec. Doc. 5.
[3] Rec. Doc. 7.
[4] Rec. Doc. 1-1, p. 2, ¶3.
[5] Rec. Doc. 1-1, p. 2, ¶4.

1

Roullier.[6]   After learning about her pregnancy, Ruh alleges that both Guerin and Roullier began treating her in a negative way.[7]  In particular, Ruh contends Guerin and Roullier criticized her for taking leave for frequent prenatal medical visits on account of complications associated with her pregnancy and that they criticized and made derogatory comments against her regarding the frequency of her restroom breaks.[8]  On June 11, 2014, Ruh was injured in a car accident for which she was hospitalized due to her late stage pregnancy.[9]  After apprising her employer of her situation, Ruh alleges that she received a text message from Roullier in which she terminated Ruh's employment with Superior.[10]

On November 20, 2014, Ruh filed a Charge of Discrimination with the Louisiana Commission on Human Rights.[11]  In her Charge, Ruh claimed that she had been harassed while working at Superior and ultimately terminated from her position because of her pregnancy.  The EEOC is still conducting its investigation into Ruh's claims and has not issued a Right to Sue Letter.[12]  Nonetheless, on June 4, 2015, Ruh filed a state court lawsuit against Superior in which she alleged that her termination and need for leave were directly motivated by her pregnancy.[13]  Ruh asserted claims arising under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e, et seq.) as amended by the Pregnancy Discrimination Act of 1978 ("PDA"), the Family Medical Leave Act ("FMLA"),

---

[6] Rec. Doc. 1-1, p. 2, ¶¶5-6.
[7] Rec. Doc. 1-1, pp. 2-3, ¶¶7, 9, 11, 13.
[8] Rec. Doc. 1-1, p. 3, ¶¶ 9-11.
[9] Rec. Doc. 1-1, p. 2, ¶¶16-17.
[10] Ruh alleges that the June 12, 2014 she received the following text message from Jennifer Roullier: "Due to all the recent problems we have had we feel its [sic] best for you and the baby if we just cut ties now bc [sic] ur [sic] too stressed working here and cause harm to the baby.  We don't want to cause you or the baby any stress or further problems.  U [sic] can come by and get your ck [sic].  Just call me first so I know when u [sic] are coming thanks for all your hard work and good luck."  Rec. Doc. 1-1, p. 4, ¶19.
[11] Rec. Doc. 5-1.
[12] Ruh asserts in her *Opposition* that the parties participated in an EEOC mediation on March 3, 2015.  Rec. Doc. 5, p.1.
[13] Rec. Doc. 1-1, p. 4, ¶21.

Louisiana's Pregnancy Discrimination Statute (La. R.S. 23:342),[14] and for intentional infliction of emotional distress.[15] On July 6, 2015, Superior timely removed Ruh's state court action to federal court asserting subject matter jurisdiction under 28 U.S.C. § 1331.[16] Superior now seeks a Rule 12(b)(1) dismissal of Ruh's claims for failure to exhaust administrative remedies and further requests that the Court enter judgment in its favor.[17]

## II.   LAW AND ANALYSIS

### A.  Rule 12(b)(1) Standard

A Rule 12(b)(1) motion to dismiss challenges a court's subject matter jurisdiction and "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."[18] "The burden of establishing subject matter jurisdiction by a preponderance of the evidence rests with the party seeking to invoke it."[19] "In ruling on a motion to dismiss for lack of subject matter jurisdiction, a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."[20]

---

[14] The Court construes Ruh's claims under the Louisiana Pregnancy Discrimination Act as claims brought under the statute itself.
[15] Rec. Doc. 1-1, p. 4, ¶¶22-24.
[16] Rec. Doc. 1.
[17] Although Superior has solely discussed dismissal of Ruh's Title VII PDA claim for failure to exhaust administrative remedies, the relief Superior seeks leads the Court to believe that Superior seeks dismissal of all of Ruh's claims. Therefore, the Court will construe Superior's Motion as seeking dismissal of all of Ruh's claims.
[18] *U.S. v. Kaluza*, 780 F.3d 647, 653 (5th Cir. 2015)(quoting *Arbaugh v. Y&H Corp.*, 126 S.Ct. 1235, 1240 (2006)).
[19] *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008).
[20] *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001).

## B. Exhaustion of Administrative Remedies in Title VII Claims

It is well-settled that a plaintiff must exhaust administrative remedies before filing a Title VII claim in federal court.[21]  "Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue."[22]  "Failure to exhaust administrative remedies 'is not a procedural 'gotcha' issue,' but 'a mainstay of proper enforcement of Title VII remedies."[23]  Nonetheless, a suit filed before a right to sue letter would be premature and therefore "subject to a motion to dismiss."[24]  And yet, "[t]he receipt of a right-to-sue letter …while the action remains pending[] satisfies the precondition that a plaintiff obtain statutory notice of the right to sue before filing a civil action under Title VII."[25]

## C. Ruh's Title VII PDA Claims

The PDA "amended Title VII by explicitly including discrimination based on pregnancy and related medical conditions within the definition of sex discrimination."[26]  As with all Title VII claims, a party must exhaust her administrative remedies before asserting her federal PDA claim.[27]  In this case, the Plaintiff has admittedly not received

---

[21] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)(citing *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788-89(5th Cir. 1996)).
[22] *Id.*
[23] *Graham v. JPMorgan Case Bank, Nat. Ass'n*, 2015 WL 4431199, *3 (S.D.Tex. July 17, 2015)(quoting *McClain v. Lufkin Industries, Inc.*, 519 F.3d 264, 272 (5th Cir. 2008), *cert denied*, 129 S.Ct. 198 (2008)). *See*, *Sawyer v. JRL Enterprises, Inc.*, 2005 WL 3543738, *2 (E.D.La. Oct. 5, 2005) ("Although receipt of a right-to-sue letter is a precondition to bringing suit, it is not a jurisdictional requirement in the strict sense.").
[24] *Pinkard v. Pullman-Standard*, 678 F.2d 1211, 1218 (5th Cir. 1982)(Unit B).
[25] *Id.*
[26] *Stout v. Baxter Healthcare Corp.*, 282 F.3d 856, 859 (5th Cir. 2002).
[27] *Weathers v. Marshalls of MA, Inc.*, 2002 WL 1770927, *2 (E.D.La. July 31, 2002)(finding that plaintiff's federal pregnancy discrimination claim was deficient because plaintiff failed to exhaust her administrative remedies as required for all Title VII claims).

4

her Right to Sue Letter.[28]  However, Ruh argues that this deficiency should not affect her claim because "the EEOC has had [her] charge of discrimination in excess of six (6) months which is the presumptive limit of their exclusive jurisdiction under Title VII."[29] Plaintiff contends that she has attempted to exhaust her administrative requirements by submitting those required documents over which she had control—EEOC Charge of Discrimination—and should not be penalized for failing to submit an EEOC Right to Sue Letter, considering the EEOC has complete control over when such a letter is issued. Ruh further argues that she should be entitled to equitable defenses of waiver, estoppel, and equitable tolling because exhaustion of Title VII's administrative remedies is not necessarily jurisdictional.

While the Court acknowledges Ruh's dilemma, it finds that she has not availed herself of her right, under 29 C.F.R. § 1601.28(a)(1), to request that the EEOC issue her a Right to Sue Letter.  Section 1601.28(a)(1) specifically provides that "[w]hen a person claiming to be aggrieved requests, in writing, that a notice of right to sue be issued and the charge to which the request relates is filed against a respondent other than the government, governmental agency or political subdivision, the Commission shall promptly issue" a notice of right to sue "to all parties, at any time after the expiration of one hundred eighty (180) days from the date of filing the charge with the Commission". The Court finds the record in this case is devoid of any documentation showing that Ruh ever requested a Right to Sue Letter considering that 180 days have lapsed since she filed her EEOC Charge.  Therefore, the Court finds that, without a Right to Sue Letter,

---

[28] The only letter in the record is from the New Orleans EEOC Office to Ruh informing her that due to its increased caseload, Ruh's case was being transferred to the EEOC's Houston District Office.  Rec. Doc. 5-2. (letter dated July 21, 2015).
[29] Rec. Doc. 5, p.2.

Ruh's Title VII PDA claim is not properly before the Court and shall be dismissed without prejudice.[16]

### D. Remaining Claims[30]

Although the Court must dismiss Ruh's Title VII PDA claim under Rule 12(b)(1), the same is not true for her remaining claims brought under the FMLA and Louisiana's Pregnancy Discrimination Statute, La. R.S. 23:342.[17]  Unlike Title VII's administrative requirements, neither the FMLA nor the Louisiana Pregnancy Discrimination Statute requires a Right to Sue Letter before filing a civil action.[31]  Therefore, Superior's Rule 12(b)(1) *Motion* shall be denied as to Ruh's FMLA and state law pregnancy discrimination claim.

---

[30] *See infra* note 16.
[31] The FMLA does not require the exhaustion of administrative remedies. 29 U.S.C. § 2617(a)(2).  *See*, *Mackey v. Continental Airlines*, 2012 WL 1202045, *5 (S.D.Tex. Apr. 10, 2012); *Cookston v. Freeman, Inc.*, 1999 WL 714760, n. 7 (N.D.Tex. Sept. 14, 1999).  Ruh's state law pregnancy discrimination claim differs from its federal counterpart which requires a Right to Sue Letter. *Weathers*, 2002 WL 1770927, *2.  Before filing a suit for relief under Louisiana's Employment Discrimination Law, a plaintiff must first provide her employer with 30 days advance written notice of the alleged discriminatory conduct, and both parties must bake a good faith effort to resolve the dispute. La. R.S. 23:303(C); *Levingston v. T G C Industries, Inc.*, 2009 WL 249724, *5 (W.D.La. Jan. 12, 2009).

### III.  CONCLUSION

For the foregoing reasons, the *Motion to Dismiss*[32] filed by Defendant, Superior Home Health Care, Inc., shall be GRANTED IN PART and DENIED IN PART.

The *Motion* shall be granted as to Mallory Ruh's Title VII Pregnancy Discrimination Act claim, which is hereby dismissed without prejudice.

The *Motion* shall be DENIED as to Mallory Ruh's Family Medical Leave Act and Louisiana Pregnancy Discrimination Statute claims.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>November 6, 2015</u>.

*[signature]*

**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[31] Rec. Doc. 2.